# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLEN M. GROVES, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 15-0706-CV-W-FJG-P |
| RONDA PASH, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2013 convictions and sentences for first-degree assault and armed criminal action, which were entered in the Circuit Court of Clay County, Missouri, pursuant to a plea of guilty. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was denied (Doc. 9-1, pp. 61-72) and that denial was affirmed on appeal therefrom (Doc. 9-4).

## Statement of Facts

In affirming the denial of post-conviction relief, the Missouri Court of Appeals, Western District, set forth the following facts:

> Groves was charged by the State with one count of the class A felony of assault in the first degree and the unclassified felony of armed criminal action. Groves reached a plea agreement with the State where, in exchange for his guilty plea to assault in the first degree, the State agreed to dismiss the armed criminal action charge at the time of sentencing, to recommend a fifteen-year sentence with no probation or treatment, and not to oppose Groves serving the sentence concurrently with a sentence he was serving in another case.

At the guilty plea hearing, upon inquiry by the *plea court* (which is the *same circuit judge* serving as the *sentencing court* and *motion court* herein), Groves confirmed his understanding of the plea agreement. He understood that the sentencing court was not bound by the parties' joint guilty plea recommendation, that the range of punishment for the class A felony of assault in the first degree was ten to thirty years or life imprisonment, and that he could be sentenced to anything within that range. Groves stated that he *understood specifically* that the sentencing court could order his sentence to run *consecutive* to the sentence in his other criminal case—another case involving Groves unlawfully shooting a gun directed at another.

The prosecutor then outlined the State's anticipated evidence. The evidence would have shown that Groves knowingly caused serious physical injury to the victim by shooting him. The victim suffered gunshot wounds to his right foot, shin, and left thigh, and was treated at a hospital. The police found a gun in Groves's residence. Groves was observed by at least five witnesses and neighbors who stated that he shot the victim during a dispute about a shared driveway. In addition, the victim identified Groves as the person who shot him.

The plea court found that Groves's waiver of rights and plea of guilty was knowingly and voluntarily entered and that there was a factual basis for his plea. The plea court accepted Groves's guilty plea but deferred sentencing pending a sentence assessment report ("SAR"). Ultimately, in its Judgment herein, the *motion* court detailed the social, educational, and other evidence of mitigating facts that was documented by the SAR and available to the *sentencing* court prior to the imposition of sentence:

> The SAR contained detailed information about [Groves's] education (p 3), substance abuse history and treatment (p 3-4), employment (p 4), social and family history, including his placement with the Division of Youth Services for approximately two years (p 3) and his involvement on multiple occasions with the Division of Family Services (p 5), and mental health background (p 5).

Groves and his plea counsel appeared before the sentencing court at the sentencing hearing, and plea counsel was given the opportunity to comment upon the SAR. Plea counsel commented upon the SAR, specifically emphasizing that Groves: was young, had grown up in a household with a father who was either absent or violently abusive of him, had shot the victim in an area where it is "generally non-lethal" (i.e., lower extremities), and had voluntarily surrendered himself to law enforcement to "admit his wrongdoings in this."

The sentencing court confirmed that, pursuant to the plea agreement, the parties jointly recommended a *fifteen*-year sentence with no probation and no treatment, and the State agreed not to oppose Groves's request that the sentence

2

be served *concurrent* with Groves's sentence in his other weapons assault case, for which he had been sentenced to a 12-year prison term. Specifically, the sentencing court noted that "[t]he [plea] agreement in this case is for a 15-year sentence for a defendant who's already serving 12," such that Groves would essentially receive "three years for shooting somebody." After noting that Groves had used an AK-style assault rifle to shoot the victim multiple times and had accumulated "19 conduct violations" while incarcerated, the sentencing court sentenced Groves to the *minimum* term (for a class A felony) of *ten* years imprisonment in the Department of Corrections, but with the sentence to run *consecutive* to his sentence in the other criminal case.

Groves timely filed a *pro se* Rule 24.035 motion. Groves's post-conviction counsel subsequently timely filed an amended motion, alleging that had counsel presented mitigating evidence, there is a reasonable probability that Groves would have received a lesser sentence. The motion court entered its Judgment denying Groves's amended Rule 24.035 motion without an evidentiary hearing, finding that Groves failed to allege facts demonstrating prejudice. Specifically, in its Judgment, the motion court—again, one and the same as the sentencing court—stated the following about *any* additional or cumulative evidence relating to social, educational, or mitigating circumstances:

> [T]he Court can confidently say that such additional information would have had no impact whatsoever on the Court's [sentencing] decision in this case. The Court, having personally heard [plea counsel's] statements at the sentencing hearing, finds and believes that [plea counsel] spoke eloquently and passionately on behalf of [Groves]. The points made by [plea counsel] were well-taken by the Court, but they were simply not enough, when viewing the case as a whole, including all the information contained within the SAR, to convince this Court to award [Groves] a concurrent sentence. The facts of the case alone were egregious enough, as detailed in the SAR, that *no amount of additional mitigating evidence presented by [Groves], whether it concerned his education, social history or any other topic, would have compelled this Court to follow the terms of the plea agreement and grant [Groves] what would, in this Court's opinion, amount to a three-year sentence for intentionally shooting someone multiple times.*

(Emphasis added.)

Doc. 9-5, pp. 3-5 (alterations and emphasis in original).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459

3

U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## Discussion

Petitioner raises the following grounds for relief: (1) plea counsel was ineffective for failing to present mitigating evidence at the sentencing hearing; (2) the trial court erred in not following the joint-sentencing recommendation after making "improper characterizations and classifications" in sentencing; (3)(a) plea counsel was ineffective for failing to object to the Court's improper sentencing considerations ; and (3)(b) post-conviction counsel were ineffective for failing "to raise the plea court's sentencing scheme and plea counsel's failures to object." Doc. 1, pp. 5-8, 16-33. Respondent argues that Ground 1 is without merit, that Grounds 2 and 3(a) are procedurally defaulted, and that Ground 3(b) is not cognizable in federal habeas. Doc. 9.

### *I. Ground 1 is without merit.*

In Ground 1, Petitioner asserts that plea counsel was ineffective for failing to present mitigating evidence at the sentencing hearing. Doc. 1, pp. 17-23. In order for Petitioner to successfully assert a claim for ineffective assistance of counsel, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

4

(1984). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

To satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsels unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

The Missouri Court of Appeals, Western District, set forth the *Strickland* standard and denied Ground 1 as follows:

> "[I]t is difficult to envision a scenario where the weighty burden of establishing prejudice [from trial counsel's failure to present additional mitigating evidence] can be sustained . . . given the indeterminate nature of sentencing." *Cherco*, 309 S.W.3d at 831. This is particularly true where, as here, the sentencing court and the motion court are the same, "rendering a motion court's finding that [additional mitigating evidence] would not have ameliorated the sentence virtually unchallengeable under the clearly erroneous standard." *Id*.
>
> While the motion court observed that plea counsel's points were "well-taken by the [sentencing] Court, . . . they were simply not enough, when viewing the case as a whole, including all the information contained within the SAR, to convince this Court to award [Groves] a concurrent sentence." The motion court pointed out that Groves "receiv[ed] the minimum sentence possible of ten years in the Missouri Department of Corrections. The Court simply declined to let said sentence run concurrently with another sentence [Groves] was already serving." Given all the information contained in the SAR, the motion court concluded that the additional testimony and evidence summarized in the amended motion "would be cumulative at best." The motion court determined that Groves failed to satisfy

> the prejudice prong of the *Strickland* test in that "even if every single bit of additional evidence [Groves] now seeks to present would have been before the Court," the outcome of the sentencing hearing would not have been different. Simply put, the motion court noted in its Judgment that there was nothing in the record meriting an evidentiary hearing because Groves's claim of ineffective assistance of counsel at sentencing for failure to present cumulative mitigating evidence was neither ineffective nor prejudicial, all as demonstrated by the undisputed record. We agree.
>
> The additional evidence alleged in the amended motion would have been cumulative evidence as to social, educational, and mitigating circumstances that were already known and "eloquently and passionately" argued to the sentencing court by plea counsel. "The failure to . . . introduce cumulative evidence does not constitute ineffective assistance of counsel." *Forrest v. State*, 290 S.W.3d 704, 709 (Mo. banc 2009).
>
> Groves was not prejudiced by counsel's failure to introduce additional and cumulative mitigating evidence during the sentencing hearing as there is no reasonable basis in the record for Groves's claim that he would have received a lesser sentence rather than the sentence imposed had the additional mitigating evidence been introduced.
>
> Therefore, the motion court did not clearly err in denying Groves's Rule 24.035 motion alleging ineffective assistance of counsel without an evidentiary hearing.

Doc. 9-4, pp. 6-8.

In holding that Petitioner's claims of ineffective assistance of plea counsel did not merit post-conviction relief, the state appellate court identified and applied reasonably the *Strickland* standard. *Id.* Petitioner fails to establish that it was unreasonable for the state appellate court to find that Petitioner was not prejudiced by plea counsel's failure to introduce additional mitigating evidence during the sentencing hearing, particularly where the evidence was cumulative of the evidence already presented and where the motion court and the sentencing court were the same.

Because the state courts' determinations as to Ground 1 did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

6

determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Ground 1 will be denied.

### *II. Grounds 2 and 3(a) are procedurally defaulted.*

In Ground 2, Petitioner claims that the trial court erred in not following the joint-sentencing recommendation after making "improper characterizations and classifications" in sentencing. Doc. 1, pp. 7, 24-29. In Ground 3(a), Petitioner claims that plea counsel was ineffective for failing to object to the Court's improper sentencing considerations. *Id*. at 8, 30-33.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan,* 54 F.3d at 1381.

Petitioner failed to assert Grounds 2 and 3(a) in his amended post-conviction motion or in his post-conviction appeal. Doc. 9-1, pp. 51-60; Doc. 9-2. Petitioner also failed to raise Ground 2 through an objection at the sentencing hearing. As a result, these claims are procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). A federal court may

7

not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under the cause and prejudice test, cause "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id*. at 753 (emphasis in original).

Petitioner acknowledges that Grounds 2 and 3(a) are procedurally defaulted but insists that the procedural default of these claims should be excused due to post-conviction counsel's ineffective assistance under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Doc. 1, pp. 9, 33; Doc. 12, pp. 3-4. Originally, in *Coleman, supra*, the United States Supreme Court held that, because there is no constitutional right to counsel in a state post-conviction proceeding, an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752-54. In *Martinez*, however, the Court recognized a "narrow exception" to *Coleman* by holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315 (alteration added).

Initially, Petitioner cannot use *Martinez* to excuse the procedural default of Ground 2 because it is a claim of trial court error that was first defaulted at the sentencing hearing and is not a claim of ineffective assistance of trial counsel that was defaulted at an initial-review collateral proceeding. The United States Court of Appeals for the Eighth Circuit has specifically declined to extend the narrow exception in *Martinez* to claims alleging trial court error. *See Dansby v. Hobbs*, 766 F.3d 809, 833-34 (8th Cir. 2014). The *Dansby* Court reasoned that "there is no logical necessity to expand *Martinez* from the ineffectiveness claim itself to the underlying

claims" because "[a]s a practical matter, a petitioner in federal habeas needs only one winning claim to gain relief – if he's got a winning ineffectiveness claim he doesn't need another." *Id*. at 833-34 (internal quotation omitted). Accordingly, because Ground 2 is not a claim of ineffective assistance of plea counsel, *Martinez* cannot excuse the procedural default of that ground.

Ground 3(a) is the ineffective assistance of plea counsel counterpart to Ground 2. As such, *Martinez* is applicable to the claim set forth therein. However, Petitioner fails to establish cause under *Martinez* for purposes of excusing the procedural default of Ground 3(a). To excuse the procedural default of a claim of ineffective assistance of trial counsel under *Martinez*, Petitioner must establish that either (1) "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," or (2) appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* at 1317. To satisfy the second circumstance, "the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (citing *Strickland*, 466 U.S. at 687). Furthermore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." *Martinez*, 132 S. Ct. at 1318

Petitioner fails to satisfy the foregoing standard. The record of Petitioner's post-conviction proceedings, including Petitioner's amended post-conviction motion, establishes that post-conviction counsel performed a full review of Petitioner's case and was familiar with the relevant legal issues. Doc. 9-1, pp. 61-72. Accordingly, Petitioner fails to establish that post-conviction counsel's decision to raise certain issues in the amended post-conviction motion and

9

omit others was an unreasonable exercise of professional judgment. Therefore, in light of the presumption that post-conviction counsel acted reasonably, Petitioner fails to show that post-conviction counsel provided ineffective assistance by not asserting the claims underlying Ground 3(a). Furthermore, Petitioner fails to establish that the claim underlying Grounds 3(a) was a "substantial" claim of ineffective assistance of plea counsel. Due to Petitioner's representations at the plea colloquy, the evidence presented at sentencing, and the sentencing court's reliance on the "facts of the case" in issuing its sentence (Doc. 9-1, pp. 38-41), the Court finds that Petitioner does not allege a substantial claim of ineffective assistance of plea counsel.

Consequently, Petitioner fails to assert cause for his procedural default of Grounds 2 and 3(a). Petitioner fails also to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (Petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied,* 549 U.S. 1036 (2006). As a result, Grounds 2 and 3(a) will be denied.

### *III. Ground 3(b) is not cognizable.*

In Ground 3(b), Petitioner claims that post-conviction counsel were ineffective for failing "to raise the plea court's sentencing scheme and plea counsel's failures to object." Doc. 1, pp. 5-8, 16-33. A freestanding claim of ineffective assistance of post-conviction counsel is not cognizable on federal habeas review. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Christenson v. Ault*, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-conviction counsel.") (citation omitted).

Consequently, Ground 3(b) is not cognizable under Section 2254. Insofar as Ground 3(b) was raised as a means to excuse the procedural default of Grounds 2 and 3(a), as set forth above, Petitioner failed to satisfy the *Martinez* standard in relation to those claims. As a result, Ground 3(b) will be denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, Petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 4, 2016 .